## SUPREME COURT.

### HENRY WHEELER agt. GEORGE W. MILLAR.

*Practice — Appeal — Limitation of time — Sureties upon appeal — Defects in proceedings to perfect appeal, how supplied — Extending the time to give an undertaking when the time allowed by law has expired — Code of Civil Procedure, sections 578, 579, 580, 1303, 1334, 1335.*

Where in a cause pending in Rensselaer county the judgment was docketed November 7, 1879, and notice of the entry thereof was served November eighth and notice of appeal was given November tenth. The sureties on the first undertaking did not justify, and one of the sureties on the second undertaking was rejected December second. 'By consent the time to give another surety was on that day extended ten days, so that the time to perfect the undertaking expired December 18, 1879. On December thirteenth a new undertaking was given, and the surety, on examination before judge DONOHUE in New York, was rejected December 22, 1879; and on the same day the defendant obtained an *ex parte* order from judge DONOHUE, in New York, giving him twenty additional days in which to give an undertaking. On motion by plaintiff to vacate the order:

*Held,* that the order was irregular for the following reasons:

*First.* The time allowed by law for giving the undertaking having expired, the defendant could only be relieved under section 1303 of the Code of Civil Procedure, of which plaintiff was entitled to notice.

*Second.* The order could only be made by the court (*section* 1303); and that granted was a judge's order.

*Third.* The cause was pending in Rensselaer county and relief could only be granted in that district, or in a county adjoining Rensselaer, on notice (*Code of Civil Procedure, section* 769).

*Held,* further, that while the order must be vacated with costs, the defendant should be relieved on terms. Upon payment of eighty dollars costs within twenty days, the defendant has leave within the same time to perfect a new undertaking.

*Ulster Special Term, January,* 1881.

MOTION to vacate an *ex parte* order obtained by defendant giving him additional time to procure surety upon appeal.

*O. A. Martin* and *W. H. Townly,* for plaintiff.

*C. E. Coddington* and *John Sherwood,* for defendant.

o

Wheeler agt. Millar.

WESTBROOK, *J.*— The judgment in this action was docketed November 7, 1879, for $5,074.72, and notice of the entry thereof was personally served on defendant's attorney on November 8, 1879.

Notice of appeal was given November 10, 1879.   The sureties on the first undertaking did not justify, and one of the sureties upon the second undertaking was rejected December 2, 1879.   By consent the time to give another surety was on that day extended ten days, so that the time to perfect the undertaking expired December 18, 1879 (*Code, secs.* 1334, 1335, 1351).

On December 13, 1879, a new undertaking was given, and the surety on examination before judge DONOHUE in the city of New York was rejected December 22, 1879.

It will be observed that forty-four days had now elapsed since the service of notice of entry of judgment, and that the thirty days allowed by the Code to give the undertaking (*see sec.* 1335) and the ten additional days granted by the stipulation had passed four days.   On said 22d day of December, 1879, the defendant obtained an *ex parte* order from judge DONOHUE in New York city giving him twenty additional days in which to give an undertaking.   That order the plaintiff moves to vacate.

The order was irregular for the following reasons :

*First.* The time allowed by law for giving the undertaking having expired, the defendant could only be relieved under section 1303 of the Code, of which plaintiff was entitled to notice.

*Second.* The order could only be made by the court (*sec.* 1303), and that granted was a judge's order.

*Third.* The cause was pending in Rensselaer county, and relief could only be granted in that district, or in a county adjoining Rensselaer, on notice (*Code, sec.* 769).

Whilst holding, however, that the order must be vacated, with costs, I think the defendant should be relieved on terms. When a party, in good faith, gives notice of appeal, and in

good faith procures sureties which he deems sufficient, who are rejected, he may (*to use the language of section* 1303) be said to have omitted to give the undertaking "through mistake, inadvertence or excusable neglect." By "mistake" or "inadvertence" he gave sureties which were insufficient, though he deemed them good, and his "neglect" to give good sureties within the time allowed by law is, therefore, "excusable."

The Code (*sec.* 1303) allows the court to grant the relief "upon such terms as justice requires," but this general discretion is controlled by law.

By section 1335 of the Code, sections 578, 579 and 580 are made applicable to the justification of the sureties on the appeal, and these sections give to the party who produces the sureties the right to name the time, place, and the officer for the justification. An order directing such justification to take place in Troy or Rensselaer might be irregular.

If the defendant had the right to give a new undertaking, the costs to be imposed would be limited to twenty dollars, ten dollars for the motion made by plaintiff to vacate the order of judge DONOHUE, and an additional ten dollars for resisting the defendant's affirmative motion for leave to give a new undertaking (*Matter of Waverly Water Works Co.*, 16 *Hun*, 57). The defendant, however, asks a favor, and as he has put the plaintiff to considerable expense in resisting and opposing two justifications, it is but fair that he should, in part at least, indemnify the plaintiff for resisting them. The costs upon each justification are fixed at thirty dollars, which the defendant must pay in addition to the twenty dollars costs of motion — in all eighty dollars — as a condition precedent to the right to give a new undertaking. Upon the payment of that sum within twenty days after service of a copy of the order to be entered on this motion, the defendant has leave, within the same time, to perfect a new undertaking.